## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | Mike Anderson; | ) |
| (2) | Steve York; | ) |
| (3) | Jeff Knapp; | ) |
| (4) | Ed Koch; | ) |
| (5) | Mike Burris; | ) |
| (6) | Brad Dunlap; | ) |
| (7) | Wendell Cunningham; | ) |
| (8) | Adam Welliver; and | ) |
| (9) | Mike Richardson; | ) |
| | | ) |
| | Plaintiffs, | ) |
| | | ) |
| v. | | ) |
| | | ) |
| (1) | CITY OF OKLAHOMA CITY, | ) |
| | | ) |
| | Defendant. | ) |

**CIV-03-1484·R**

FILED

OCT 2 2 2003

## COMPLAINT

Plaintiffs, Mike Anderson, Steve York, Jeff Knapp, Ed Koch, Mike Burris, Brad Dunlap, Wendell Cunningham, Adam Welliver and Mike Richardson, for themselves and others similarly situated allege and state as follows:

### PARTIES

1.      Plaintiffs, Mike Anderson, Steve York, Jeff Knapp, Ed Koch, Mike Burris, Brad Dunlap, Wendell Cunningham, Adam Welliver and Mike Richardson ("Firefighters") are firefighters and employees of defendant employer the City of Oklahoma City ("OKC"). Plaintiffs and others similarly situated are members of the International Association of Fire Fighters Local 157 ("Local 157").

2.      Firefighters are residents and citizens of Oklahoma County, Oklahoma.

3. OKC is a municipal corporation organized and existing under the laws of the State of Oklahoma, having its principal office and place of business located in Oklahoma City, Oklahoma, within the territorial jurisdiction of the court. At all relevant times, OKC employed Firefighters and others similarly situated.

4. There are at least 971 employees who are similarly situated to the Firefighters. All of them are members of Local 157 and currently employed by OKC. Additional class members include Local 157 fire fighters who have retired or otherwise left the employment of OKC between 2000 and the current date.

## JURISDICTION AND VENUE

5. Jurisdiction of the action is conferred on this court by 29 U.S.C. § 216 (b) and by the provisions of 28 U.S.C. § 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and OKC resides in this judicial district. The court has personal jurisdiction over OKC.

## FAIR LABOR STANDARDS ACT VIOLATION

7. Firefighters bring this action on behalf of themselves and other employees of OKC similarly situated, to recover unpaid wages, liquidated damages, attorney fees, and costs under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), hereinafter referred to as the "FLSA", and its implementing regulations, specifically 29 C.F.R. 553.222.

8. At all times mentioned in this complaint, OKC was engaged in commerce within the meaning of the FLSA.

2

9.      During the period from October 22, 2000 to the present time, OKC employed Firefighters and others similarly situated in connection with the business of OKC.

10.     In 1987, OKC elected a 29 U.S.C. § 207(k) schedule ("Rule 207(k)") from which to compute pay for plaintiffs and others similarly situated. The Rule 207(k) election was incorporated into the Collective Bargaining Agreements ("CBA") in 2000, 2001, 2002 and 2003. OKC also elected a 27-day work cycle for the Firefighters and others similarly situated.

11.     Firefighters work 24-hour shifts during the 27-day cycle. At the conclusion of each cycle, OKC requires the Firefighters, and others similarly situated, to sign documents stating that they have each worked 216 hours. The FLSA allows up to 204 hours of straight time pay during a 27-day cycle, with any excess hours being compensated at overtime rates. OKC pays Firefighters, and others similarly situated, overtime pay for 12 hours each cycle. This represents the difference between the hours worked (216) and the maximum allowable straight time hours (204).

12.     However, OKC pays Firefighters, and others similarly situated, straight time pay for only 160 hours per work cycle. Thus, although Firefighters work 216 hours, they are paid for 172 hours. Forty-four (44) hours of the 216 hours worked per cycle goes uncompensated. This time is designated by OKC as "unpaid hours work."

13.     Section 7(a) of the FSLA and implementing regulations, including 29 C.F.R. 553.222, specifically require compensation of sleep time for firefighters working 24 hour shifts. During the period from October 22, 2000 through the present time, OKC failed to pay Firefighters, and others similarly situated, for eight hours of compensable "worked hours" for each 24-hour shift.

14.     The amounts due sums due each of the Firefighters for unpaid compensable work hours is at least $10,000.00.

15.     In addition, Firefighters allege that there is due and owing to other firefighter employees of OKC similarly situated, for such compensable work hour wages, an amount in excess of $10,000.00.

16.     Firefighters, and others similarly situated, also seek liquidated damages. Liquidated damages are appropriate because OKC's failure to pay Firefighters and others similarly situated for compensable unpaid worked hours was a willful violation of the FLSA.

17.     Firefighters request, on behalf of themselves and others similarly situated, judgment against OKC in the amounts due to each of them, respectively, for FLSA compensation and liquidated damages and such other and further relief as the court deems just and proper.

## CLASS ACTION

18.     Under 29 U.S.C. § 216(b), the FLSA authorizes employees to bring a collective action on behalf of themselves and other employees similarly situated.

19.     There are 971 known current employees of OKC who have not been compensated by OKC as required by the FSLA and who are entitled to back pay and liquidated damages.

20.     Firefighters bring this action as a class action on behalf of themselves and the other current and former employees who have not been properly compensated by OKC for FLSA time worked.

21.     A collective action will allow the employees of the Local 157 to lower individual costs to vindicate their rights by pooling resources.

22.     The class members were together the victims of a single plan, policy or decision.

23.     Firefighters' claims are typical of the other members of the proposed class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment in their favor and against Defendant for damages, attorney's fees, costs and all other relief that is appropriate.

Respectfully submitted,

Shannon F. Davies, OBA No. 13565
R. Scott Thompson, OBA No. 17712
LESTER, LOVING & DAVIES, P.C.

**ATTORNEY LIEN CLAIMED**

1701 South Kelly Ave.
Edmond, Oklahoma 73013
Telephone:    (405) 844-9900

**JURY TRIAL DEMAND**

Facsimile:    (405) 844-9958
        - and –
Sherman A. Reed, OBA No. 11971
Sherman A. Reed, P.C.
Six N.E. 63rd Street, Suite 400
Oklahoma City, OK 73105
Telephone:    (405) 843-8703
Facsimile:    (405) 843-8753
ATTORNEYS FOR PLAINTIFFS

5